UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

Plaintiff,

v. Case No. 25-CV-743

WAUKESHA COUNTY JAIL
ADMINISTRATOR VAUGHN et al.,

Defendants.

---

# SCREENING ORDER

---

Plaintiff Alvernest Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 9, 2025, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 8, 18, and 20 but gave Plaintiff an opportunity to file an amended complaint that only contained related claims and defendants. Dkt. No. 4. On August 27, 2025, Plaintiff filed an amended complaint. Am. Compl., Dkt. No. 7. The Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

According to the amended complaint, Plaintiff is a hearing-impaired individual that wears hearing aids to assist with his hearing. Am. Compl. ¶ 10. On May 27, 2024, Plaintiff was booked into the Waukesha County Jail (WCJ) with his hearing aids, and he informed WCJ personnel and WellPath medical staff that he was a hearing-impaired person. *Id.* ¶ 12. On May 29, 2024, Plaintiff informed multiple WCJ correctional officers, supervising lieutenants, and WellPath medical staff

that his hearing aids "went completely dead" and were no longer operable. *Id.* ¶ 13. On May 31, 2024, Plaintiff told "many" WCJ supervising captains and lieutenants that his hearing aids needed to be charged to no avail. *Id.* ¶ 14.

Plaintiff then sought assistance from WCJ Administrator Vaughn and Deputy Administrator Lewandowski and asked if WCJ had an active Americans with Disabilities Act (ADA) accommodation policy for individuals with a hearing disability. *Id.* ¶ 15. Administrator Vaughn and Deputy Administrator Lewandowksi advised that WCJ did not have an ADA Coordinator to assist Plaintiff with his hearing impairment and was not equipped with modernized technology or specialized equipment to assist with hearing. *Id.* ¶¶ 17–18.

Although Plaintiff requested replacement hearing aids from May 2024 to January 2025, WCJ staff and Wellpath nursing staff repeatedly informed him that, due to budgetary restrictions and Plaintiff's temporary status as a pretrial detainee, hearing aids could not be provided to him. *Id.* ¶¶ 24, 58. Plaintiff explains that, because his hearing aids were no longer functioning, he was unable to hear when WCJ correctional officers made announcements for medication pass over the PA system, use WCJ's phone system, and participate in his parole revocation proceeding. *Id.* ¶¶ 20, 22–23. He asserts that his parole agent through the Division Community Custody/Department Hearings and Appeals did not assist him in obtaining hearing aids for his revocation hearings. *Id.* ¶ 45.

On January 7, 2025, Plaintiff was transferred from WCJ to Dodge Correctional Institution. *Id.* ¶ 75. After Plaintiff underwent audiogram hearing testing on January 18, 2025, he received hearing aids, a telephone amplifier, and a vibrating watch. *Id.* ¶ 76. On February 18, 2025, Plaintiff returned to WCJ. *Id.* ¶ 79. While being booked into WCJ, Lt. Chamberlain demanded that Plaintiff turn over his telephone amplifier and vibrating watch. *Id.* Lt. Chamberlain explained

that the telephone amplifier and watch were security risks and that confiscating them and placing them in Plaintiff's personal property served a penological objective to protect other inmates and security staff. *Id.* ¶ 80. Plaintiff alleges that Defendants denied him access to his telephone amplifier and watch but allowed him to keep his personal hearing aids. *Id.* ¶ 82.

**THE COURT'S ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants violated the ADA and Rehabilitation Act (RA) by refusing to accommodate his hearing impairments. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the RA prohibits a "qualified individual with a disability" from being "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" as a result of his disability. 29 U.S.C. § 794(a). The relief available to Plaintiff under the ADA and RA is "coextensive." *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012) (comparing 29 U.S.C. § 794A with 42 U.S.C. § 12117). The analysis under both statutes is essentially the same, except that the RA includes an additional element that the relevant agency must accept federal funds. *Id.* (citations omitted). Because the standards under the ADA and RA are functionally identical, the Court considers both claims together, referring predominately to the RA.

To state a claim under the RA, Plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the agency denied him access to a program or activity because of his disability. *Id.* at 672 (citations omitted). Plaintiff's allegations are sufficient to state ADA and RA claims. However, these claims cannot proceed against the individual defendants. Individual employees of WCJ, Wellpath, and the Wisconsin Department of Corrections Division of Community Custody cannot be sued under the ADA or the RA. *See id.* at 670. Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *see also Jaros*, 684 F.3d at 670 n.2 (noting that individual capacity claims are not available and that the proper defendant is the agency or its director (in his official capacity)). Accordingly, Plaintiff may proceed on ADA and RA claims against the Waukesha County Jail, Wellpath Medical Services, and the Wisconsin Department of Corrections. The Clerk of Court will be directed to add the Waukesha County Jail and the Wisconsin Department of Corrections as defendants.

Plaintiff also asserts that Waukesha County and WellPath had an official policy to deny hearing-impaired persons access to the ADA and RA. It appears Plaintiff is attempting to assert a claim pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court recognized that municipalities could be sued directly under 42 U.S.C. § 1983 when a municipal employee violates an individual's rights pursuant to municipal policy, custom, or practice. *Id.* at 690–91. But "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Illinois*, 630 F.3d 499, 504 (7th Cir. 2010) (citation omitted). In his amended complaint, Plaintiff only alleges a violation of the ADA and RA; he does not allege that the defendants violated his constitutional rights. Because Plaintiff does not allege an underlying constitutional violation, Plaintiff fails to state a *Monell* claim.

The Court finds that Plaintiff may proceed on ADA and RA claims against the Waukesha County Jail, Wellpath Medical Services, and the Wisconsin Department of Corrections based on his allegations that they refused to accommodate his hearing impairments.

**IT IS THEREFORE ORDERED** that the amended complaint fails to state a claim against Waukesha County Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, Ethan Wells, Nurse Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, RN Baron, Christine Kulinski, Brian Hayes, K. Gumm, and John/Jane Does, so the Clerk's Office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court add the Waukesha County Jail and the Wisconsin Department of Corrections as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the Wisconsin Department of Corrections.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the Wisconsin Department of Corrections shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the Waukesha County Jail and Wellpath Medical Services pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is

provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the Waukesha County Jail and Wellpath Medical Services shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by Court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on November 26, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge