UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVERNEST KENNEDY,

           Plaintiff,

        v.                                    Case No. 25-CV-743

WELLPATH MEDICAL SERVICES, et al.,

           Defendants.

# ORDER

Plaintiff Alvernest Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On November 26, 2025, the Court screened Plaintiff's amended complaint and allowed him to proceed on claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) based on Plaintiff's allegations that the Waukesha County Jail, Wellpath Medical Services, and the Wisconsin Department of Corrections refused to accommodate his hearing impairments. Dkt. No. 8. On December 12, 2025, Plaintiff filed a motion for clarification, which the court understands to be a response to the Court's order screening the amended complaint. Dkt. No. 10.

Plaintiff argues that along with his ADA and RA claims, he should be allowed to proceed with conditions of confinement and equal protection claims under the Fourteenth Amendment. As an initial matter, the Court must consider which constitutional standard applies to Plaintiff's conditions of confinement claim. Claims by individuals who have been convicted of a crime are governed by the Eighth Amendment, whereas claims by pretrial detainees, i.e., those who have not

been convicted of a crime and are awaiting trial, are governed by the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). Plaintiff, who appears to have been detained for a suspected probation violation, does not neatly fit into either category. Although the Seventh Circuit has acknowledged that "[c]ourts have expressed some uncertainty regarding which amendment controls for hybrid forms of detention," the court has not definitively addressed the issue. *Estate of Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017). Because Plaintiff has stated a conditions of confinement claim under either standard, it is not necessary for the Court to decide at this time which standard applies. The parties should be prepared to more fully address the issue as the case proceeds.

The Eighth Amendment requires that prison officials "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that "the conditions of his confinement resulted in 'the denial of the minimal civilized measure of life's necessities,' and that the defendants were 'deliberately indifferent' to the conditions in which he was held." *Gruenberg v. Gempeler*, 697 F.3d 573, 579 (7th Cir. 2012) (quoting *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008)).

Under the Fourteenth Amendment, "a pretrial detainee is entitled to be free from conditions that amount to 'punishment.'" *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To state a conditions of confinement claim under the Fourteenth Amendment, a pretrial detainee must allege that the conditions are "objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human

need, such as adequate food, clothing, shelter, and medical care." *Id.* at 309–10 (internal quotation marks and citations omitted).

Plaintiff alleges that Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, Christine Kulinski, Brian Hayes, and K. Gumm denied his requests for functioning hearing aids. He states that once he had obtained hearing-assistive devices, Lt. Chamberlain confiscated them. Plaintiff claims that, as a result of Defendants' actions, he was unable to utilize the Jail's phone system to make calls and receive video visits from family and his attorney. Based on these allegations, Plaintiff may proceed on a conditions of confinement claim against Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, Christine Kulinski, Brian Hayes, and K. Gumm.

Plaintiff also asserts that Jail Administrator Vaughn and Deputy Jail Administrator Lewandowski denied him equal protection under the Fourteenth Amendment. He alleges that Jail Administrator Vaughn and Deputy Jail Administrator Lewandowski refuse to provide Plaintiff and other similarly situated hearing impaired, disabled inmates hearing accommodations. "Disabled individuals, like any class, are protected by the Equal Protection Clause of the Fourteenth Amendment." *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 737–38 (7th Cir. 2000). "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Tr. of Univ of Ala. v. Garrett*, 531 U.S. 356, 367 (2001). Based on the allegations contained in the amended complaint, Plaintiff may proceed on an equal protection claim under the Fourteenth Amendment.

3

The Court will also allow Plaintiff to proceed on a *Monell* claim against Jail Administrator Vaughn in his official capacity and WellPath. Under *Monell v. Department of Social Services of the City of New York*, a municipality may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). By alleging that the defendants acted pursuant to an official policy to deny Plaintiff's requests to accommodate his hearing impairment, Plaintiff has pleaded adequate facts to state a claim against Jail Administrator Vaughn in his official capacity and WellPath under *Monell*.

Finally, Plaintiff asks whether the Court will exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any state law claims. Because Plaintiff's amended complaint does not contain any claims arising under state law, there is no need to exercise supplemental jurisdiction in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for clarification (Dkt. No. 10) is **GRANTED**. The Court will allow Plaintiff to proceed on the following claims: (1) the Waukesha County Jail, Wellpath Medical Services, and the Wisconsin Department of Corrections violated the Americans with Disabilities Act and the Rehabilitation Act by refusing to accommodate Plaintiff's hearing impairments; (2) a conditions of confinement claim against Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, Christine Kulinski, Brian Hayes, and K. Gumm; (3) Jail Administrator Vaughn and Deputy Jail Administrator Lewandowski denied Plaintiff equal protection under the Fourteenth Amendment; and (4) a *Monell* claim against Jail Administrator Vaughn in his official capacity and Wellpath Medical Services.

**IT IS FURTHER ORDERED** that the Clerk's Office reinstate Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, Christine Kulinski, Brian Hayes, and K. Gumm as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint, the November 26, 2025 screening order, and this order are being electronically sent today to the Wisconsin Department of Justice for service on Christine Kulinski and Brian Hayes.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants Christine Kulinski and Brian Hayes shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the November 26, 2025 screening order, and this order upon Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, and K. Gumm pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived

either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, RN Ethan Wells, RN Baron, RN Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, and K. Gumm shall file a responsive pleading to the amended complaint.

Dated at Green Bay, Wisconsin on December 18, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge