ALVERNEST KENNEDY,

       Plaintiff,

       v.                              Case No. 25-CV-743

WAUKESHA COUNTY JAIL
ADMINISTRATOR VAUGHN et al.,

       Defendants.

## ORDER

Plaintiff Alvernest Kennedy is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 action against Defendants Waukesha County Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, Wellpath Medical Services, Ethan Wells, Nurse Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, RN Baron, Christine Kulinski, Brian Hayes, K. Gumm, the Waukesha County Jail, and the Wisconsin Department of Corrections. On March 19, 2026, Plaintiff filed a motion for default judgment as to Defendants Christine Kulinski and Brian Hayes. Dkt. No. 52. On April 17, 2026, Defendants Hayes, Kulinski, and the Wisconsin Department of Corrections filed a motion to enlarge time for the State Defendants to file their answer and affirmative defenses and for an extension of time to file a motion for summary judgment on exhaustion grounds. Dkt. No. 60.

Federal Rule of Civil Procedure 6(b) permits a court to extend the period within which an answer must be filed when the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b). In determining whether a party's failure to act constitutes "excusable neglect," a court must

balance the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted in good faith. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citation omitted).

Plaintiff filed an amended complaint in this case on August 27, 2025. Dkt. No. 7. On November 26, 2025, the Court screened the amended complaint, allowed Plaintiff to proceed on claims against the Waukesha County Jail and the Wisconsin Department of Corrections, and terminated Waukesha County Jail Administrator Vaughn, Deputy Jail Administrator Lewandowski, Lt. Chamberlain, Ethan Wells, Nurse Pietruszka, Lt. Miller, Capt. Scardino, CO Ewer, CO Jarrod, CO Johnson, Lt. Adams, Lt. Fiscal, RN Baker, RN Baron, Christine Kulinski, Brian Hayes, and K. Gumm as defendants. Dkt. No. 8. On December 18, 2025, the Court granted Plaintiff's motion for clarification and reinstated the previously terminated individuals as defendants. Dkt. No. 14.

The State Defendants' answer to the amended complaint was due on February 16, 2026. On January 23, 2026, the Wisconsin Department of Justice filed an answer to the amended complaint but only on behalf of the original party, the Wisconsin Department of Corrections, and not on behalf of the individual defendants. Dkt. No. 41. Plaintiff filed a motion for default judgment against Kulinski and Hayes on March 19, 2026. On April 17, 2026, the State Defendants filed their motion to enlarge time to file an amended answer and affirmative defenses and to extend the time to file a motion for summary judgment on exhaustion grounds. The State Defendants explain that, due to an error in the administrative process at the Wisconsin Department of Justice, this matter, when opened and assigned to counsel, did not include the two individual defendants that were added on December 18, 2025. As a result, the Wisconsin Department of Justice did not accept service and/or file an answer on the individual defendants' behalf. The Wisconsin

2

Department of Justice discovered its administrative oversight on April 10, 2026, and accepted service and filed the instant motion, along with the proposed answer, on April 17, 2026.

The Court concludes that the State Defendants' failure to submit a timely answer was the result of excusable neglect. *See Crue v. Aiken*, 370 F.3d 668, 680–81 (7th Cir. 2004). The State Defendants moved quickly to remedy their failure by filing a motion and answer immediately upon the discovery of their error. The delay in the State Defendants filing their answer will not have an adverse impact on the proceedings and does not prejudice Plaintiff. To the extent Plaintiff needs additional time to complete discovery, he can file a motion for an extension of case deadlines. Accordingly, the State Defendants' motion for leave to file an untimely answer is granted, and Plaintiff's motion for default judgment is denied. *See Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) (noting that the Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment").

**IT IS THEREFORE ORDERED** that the State Defendants' motion to enlarge time for the State Defendants to file their answer and affirmative defenses and for an extension of time to file a motion for summary judgment on exhaustion grounds (Dkt. No. 60) is **GRANTED**. The Court accepts the State Defendants' answer (Dkt. No. 59) as properly and timely filed. The deadline to file motions for summary judgment on exhaustion grounds is extended to May 4, 2026.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment as to Defendants Christine Kulinski and Brian Hayes (Dkt. No. 52) is **DENIED**.

Dated at Green Bay, Wisconsin on April 20, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3