UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

Plaintiff,

v. Case No. 25-CV-743

WAUKESHA COUNTY JAIL
ADMINISTRATOR VAUGHN et al.,

Defendants.

---

**ORDER**

---

Plaintiff Alvernest Kennedy is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. The discovery deadline was September 17, 2026, and dispositive motions are due October 19, 2026. This matter comes before the Court on Plaintiff's second motion to compel Defendants' responses to his discovery requests and motion to "move for an objection" and extension of time. (ECF Nos. 68–69.)

In Plaintiff's motion to compel motion to "move for an objection," Plaintiff asserts that Defendants have failed to disclose required discovery. The Court construes Plaintiff's motion "to move for an objection" as a motion to compel. The Court will deny Plaintiff's motions to compel because Plaintiff failed to follow the Federal Rules of Civil Procedure and the Civil Local Rules for this district. Although Federal Rule of Civil Procedure 37 permits the Court to compel discovery, the party seeking such discovery must complete certain steps before Court intervention is appropriate. If a party serves discovery on an opposing party and the opposing party fails to timely or sufficiently respond, the requesting party must then consult with the opposing party and attempt to resolve the dispute. Civil L.R. 37 (E.D. Wis.). If the requesting party is still unable to

obtain discovery, he may file a motion to compel discovery with the Court. The movant must include in his motion to compel a written certification that states that he conferred or attempted to confer in good faith with the opposing party in an effort to obtain the discovery without Court action but that the parties were unable to resolve their differences. *See* Civil L.R. 37. The certification must include the date the movant conferred or attempted to confer with the opposing party as well as the names of the individuals the movant contacted in an attempt to reach resolution.

Plaintiff's motions do not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with Defendants' counsel. Accordingly, the Court will deny the motions to compel to allow Plaintiff and Defendants' counsel the opportunity to resolve this issue without the Court's involvement.

Plaintiff also filed a motion for an extension of time. He requests that the Court extend the discovery deadline by 90 days to allow for the proper disclosure of discovery from Defendants. On August 5, 2026, the Court extended the discovery and dispositive motion deadlines by 30 days to allow Defendants to respond to any outstanding discovery requests and Plaintiff to review the responses. The Court advised that, "[as] the discovery deadline approaches, if Plaintiff believes he needs more time to complete discovery, he may renew his motion for an extension of time. If Plaintiff files such a motion, he should explain what additional discovery he thinks he needs, how it is relevant to his claims, and how much additional time he needs." (ECF No. 65.) Plaintiff has not shown good cause for an extension of time. He does not explain what specific additional discovery he needs or how it is relevant to his claims. Plaintiff has had ample time to get the information he needs in discovery and he has not shown why delaying the resolution of this case any further is necessary. Therefore, Plaintiff's motion for an extension of time is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 68) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to "move for an objection" (ECF No. 69), which the Court construes as a motion to compel, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 69) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin on September 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge