UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

Plaintiff,

v. Case No. 25-CV-743

WAUKESHA COUNTY JAIL
ADMINISTRATOR VAUGHN et al.,

Defendants.

---

# ORDER

---

Plaintiff Alvernest Kennedy is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. The discovery deadline was September 17, 2026, and dispositive motions are due November 12, 2026. This matter comes before the Court on Plaintiff's motion for an enlargement of time to file an opposition to summary judgment and to compel discovery.

Plaintiff's motion to compel will be denied. Plaintiff has failed to satisfy the meet and confer requirements of Civil Local Rule 37. As the Court has previously explained:

> The movant must include in his motion to compel a written certification that states that he conferred or attempted to confer in good faith with the opposing party in an effort to obtain the discovery without Court action but that the parties were unable to resolve their differences. *See* Civil L.R. 37. The certification must include the date the movant conferred or attempted to confer with the opposing party as well as the names of the individuals the movant contacted in an attempt to reach resolution.

(ECF No. 70 at 2.) Plaintiff asserts that on October 7, 2026, he filed a motion for an extension of time that included all of the necessary information and attachments to satisfy the Court's meet and confer requirements. Yet, filing a motion for an extension of time with the Court does not satisfy

the meet and confer requirements of Civil Local Rule 37. The motion could be denied for this reason alone.

Even if Plaintiff had met and conferred with Defendants before filing the motion, the Court would not compel Defendants to respond to Plaintiff's discovery requests. On July 22, 2026, Plaintiff served his second set of interrogatories and requests for production of documents on Defendants. Defendants responded to the first couple interrogatories and objected to the rest, explaining that Plaintiff exceeded the maximum number of interrogatories allowed by the Court. Plaintiff asserts that on September 14, 2026, he sent Defendants a letter in which he reduced the number of interrogatories and requests for production of documents for each defendant. He states that, to date, Defendants have not responded to the reduced number of interrogatory requests and he requests that the Court compel Defendants to do so.

Civil Local Rule 33 provides, "Any party may serve upon any other party no more than 25 written interrogatories. The 25 permissible interrogatories may not be expanded by the creative use of subparts." Civil L.R. 33(a)(1). The Court provided Plaintiff with a copy of Civil Local Rule 33 along with the scheduling order. (*See* ECF No. 45 at 9.) As the Court explained in its November 2, 2026, order denying Plaintiff's motion for an extension of time, even though Plaintiff reduced the number of interrogatories and requests for production of documents in his latest request, that does not change the fact that Plaintiff has already exceeded the maximum amount of interrogatories allowed. (*See* ECF No. 75 at 2.) Plaintiff is the master of his case, and he bears the responsibility of wisely using the tools available to him. Plaintiff has not shown good cause for exceeding the limit of interrogatories. Defendants are under no obligation to respond to Plaintiff's new, revised discovery requests submitted on September 14, 2026. For these reasons, Plaintiff's motion to compel is denied.

Plaintiff also requests an extension of time to respond to Defendants' motions for summary judgment. Defendants have not yet filed motions for summary judgment, so Plaintiff's request is premature. Plaintiff may renew his request once Defendants file dispositive motions. In his motion, he should explain why he believes an extension of time is necessary and how much time he needs.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension of time and to compel discovery (ECF No. 79) is **DENIED**.

Dated at Green Bay, Wisconsin on November 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge